IN THE MATTER OF THE APPLICATION OF AMERICAN SUGAR COMPANY, LIMITED, FOR REGISTRATION OF TITLE TO LAND AT KAUNAKAKAI, MOLOKAI.

No. 1690.

SUGGESTION OF DISQUALIFICATION.

ARGUED NOVEMBER 18, 1926.          DECIDED NOVEMBER 27, 1926.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE ANDRADE IN PLACE OF BANKS, J., DISQUALIFIED.

JUDGES—*disqualification to act—having acted as counsel.*

> A judge who, in a proceeding instituted in the land court of the Territory of Hawaii for the registration of title to land, acted as attorney for one of the parties summoned as an adjoining owner, is disqualified to sit as a member of this court upon a review of the same proceeding by writ of error, even though his client filed in the land court a disclaimer of all interest in the land.

This was an application by the American Sugar Company, Limited, to the land court of the Territory of Hawaii, for the registration of its title to certain lands at Kaunakakai, on the Island of Molokai. The County of Maui filed its answer claiming a right of way for a pipe line and also a right of way for road purposes, over the lands claimed by the petitioner. The land court having decided the issues adversely to the County of Maui, that entity brings the case to this court by writ of error for review. In the applicant's petition the "United States Government, care District Attorney, Honolulu, Territory of Hawaii," was named as one of the occupants of lands adjoining the property described in the petition and summons was issued and served upon the "United States of America by Charles F. Parsons, United States District Attorney." Thereafter Mr. Justice Parsons, who was at that time United States attorney for the District of Hawaii, prepared and filed a disclaimer of title in the lands described in the petition. He was familiar in a general way with the issue between the County of Maui and the applicant, now about to be considered.

Mr. Justice Parsons having raised the issue of his possible disqualification to sit upon the hearing and determination of the writ of error, counsel were notified and a hearing was had on the subject. Section 84 of the Organic Act of the Territory of Hawaii provides that no person shall sit as a judge "in any case in which he has been of counsel." In view of this prohibition Mr. Justice Parsons is clearly disqualified. He was the attorney for the United States government, an adjoining owner who was properly a party to the proceedings, and served in that capacity in the same case which is now before us on the writ of error. The fact that after examination he came to the conclusion that his client had no interest in the lands described in the petition does not alter the situation. He was of counsel and in the same case,

whether his client's interest was large or small and whether his own familiarity with the issues and the evidence was more extended or less extended. The provision of the Organic Act makes no distinctions based upon the extent of the services rendered by the attorney or the degree of his familiarity with the issues involved. If he was of counsel and in the same case he is disqualified.

Nor can the disqualification be waived by the parties, as they have offered to do in the case at bar. The inhibition is constitutional. The Organic Act is the fundamental law of this Territory. Under different statutes or, possibly, even where the matter of disqualification is based upon public policy alone it may be that the disqualification can be waived. Our constitutional provision was doubtless intended to maintain the courts entirely above suspicion of interest in the matters coming before them for decision.

*W. L. Stanley* of the firm of Smith, Warren, Stanley & Vitousek for the applicant.

*A. E. Steadman* for the firm of Prosser, Anderson & Marx for the County of Maui, one of the respondents.